**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| JOE HENRY MACK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 09-3337 |
| | § | |
| MICHAEL ASTRUE, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**

This matter was referred by United States District Judge Lee H. Rosenthal, for full pretrial management, pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). (Docket Entry #4). In this case, Plaintiff Joe Henry Mack ("Plaintiff," "Mack") seeks judicial review of the decision by the Social Security Administration ("SSA") to deny him disability benefits. (Petition for Court Review and Interim Benefits ["Complaint"], Docket Entry #1). Pending before the court is a motion to dismiss, for failure to exhaust administrative remedies, which was filed by Defendant Michael J. Astrue ("Defendant," "Commissioner'), in his capacity as Commissioner of the SSA. (Defendant's Motion and Incorporated Memorandum of Law to Dismiss Plaintiff's Complaint ["Motion to Dismiss"], Docket Entry #17). Plaintiff has responded by moving to strike that motion, arguing that Defendant has unlawfully delayed a final decision at the administrative level so that exhaustion would be futile. (Plaintiff's Motion to Strike Defendant's Motion and Incorporated Memorandum of Law to Dismiss Plaintiff['s] Complaint ["Response"], Docket Entry #18; Plaintiff's Memorandum of Law in Support of Motion to Strike ["Supplemental Response"], Docket Entry #19). After considering the pleadings and the applicable law, it is RECOMMENDED that Defendant's motion to dismiss be GRANTED,

and that Plaintiff's motion to strike be DENIED.  It is further RECOMMENDED that this case be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

**Background**

Plaintiff Joe Henry Mack's attempts to secure social security disability benefits present a complex procedural history.  On October 16, 2002, Mack filed an application for Supplemental Security Income ("SSI") benefits, under Title XVI of the Social Security Act ("the Act"). (Defendant's Motion at Exhibit ["Ex."] A, at 2).  The SSA denied his application.  (*Id*. at 2-3).  On May 10, 2006, after he had exhausted all of his administrative remedies on that application, Plaintiff sought review in the United States District Court for the Northern District of Texas.  (*See id*. [citing *Mack v. Commissioner of SSA*, 2008 WL 555366 (N.D. Tex. Feb. 29, 2008)]).  That court remanded his case to the SSA for further proceedings.  (*Id*.).  On April 2, 2008, the case was assigned to an administrative law judge ("ALJ").  (*Id*. at 3).

In the interim, however, on July 9, 2007, Plaintiff filed another application for SSI.  (*Id*.). His second application was considered by the Texas Disability Determination Service ("DDS"), which found, on August 30, 2007, that Mack had been disabled since July 9, 2007, and it awarded him benefits.  (*Id*.).  Unfortunately, those benefits were suspended, on January 2, 2008, when Mack was sent to prison for a parole violation, stemming from a 1993 conviction for possession of a controlled substance.  (*Id*. at 3 and Ex. 4).

On February 25, 2009, Plaintiff was released from prison to a halfway house.  (*Id*.).  At that time, he claims to have inquired about reinstating his benefits award.  (Complaint at 6).  Mack alleges that he was told to file a new application for benefits, because the time to seek reinstatement had passed.  (*Id*.).  Mack then filed another application for SSI, on March 4, 2009.  (Defendant's

2

Motion at Ex. A, at 3). This time, the DDS found that he was not disabled, both on initial consideration, May 7, 2009, and on a reconsideration, which took place August 4, 2009. (*Id*.). In the interim, Mack had requested a hearing before an ALJ on this March 2009 application. (*Id*. at 3 and Ex. 5).

On September 29, 2009, Plaintiff's request for a hearing before an ALJ was denied. (*Id*. at 4 and Ex. 6). Apparently, the SSA decided to consolidate Mack's March 2009 application with his October 2002 application, and it proposed a single hearing on both applications. (*Id*.; Complaint at 8). However, just two weeks later, rather than awaiting a hearing or other resolution, Plaintiff filed this lawsuit, pursuant to section 205(g) of the Act (codified as amended at 42 U.S.C. § 405(g)), to challenge the denial of his March 2009 application for disability benefits. (Defendant's Motion at Ex. A, 4 and Ex. 6; Docket Entry #1). It is evident nonetheless that a hearing on the consolidated applications took place in December 2009, and, on February 12, 2010, Mack was once again denied an award of benefits. (Plaintiff's Objections to the Administrative Law Judge Decision ["Objections to ALJ"], Docket Entry #23, at Ex. 4). On January 7, 2010, Defendant filed this motion, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss Mack's case because of his failure to exhaust administrative remedies. (Defendant's Motion at 4). Having considered the pleadings and the applicable law, the court recommends that Defendant's motion to dismiss be granted, that Plaintiff's motion to strike be denied, and that this case be dismissed, without prejudice, for failure to exhaust administrative remedies. As a result of such a ruling, all other pending motions will be moot.

**Standard of Review**

In ruling on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court "accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)); *accord United States ex rel. Marcy v. Rowan Cos.*, 520 F.3d 384, 388 (5th Cir. 2008). The court need not, however, accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess, Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *accord Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949-50 (2009). Instead, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)); *accord Rowan Cos.*, 520 F.3d at 388. A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The standard of plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556). If the facts alleged "are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556). It is well settled that a Rule 12(b)(6) motion is the proper vehicle to seek dismissal of an action based on the failure to exhaust administrative remedies. *See Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.4 (5th Cir. 2004) (citing *Taylor v. United States Treasury Dep't*, 127 F.3d 470, 476 (5th Cir. 2004)). If a case is dismissed for failure to exhaust, "the dismissal is without prejudice

4

to the claimant's right to return to court after [he] has exhausted [his] administrative remedies." *Id*. at 467 n.5.

## Discussion

In this case, Mack seeks judicial review of the Commissioner's decision to deny him an award of benefits. (Complaint at 12). He also seeks review of the decision not to reinstate the benefits he had been awarded prior to his incarceration. (*Id*.). A social security claimant may seek judicial review of the Commissioner's decision to deny disability benefits, but only to ascertain whether the final decision is supported by substantial evidence and whether the proper legal standards were applied. *See Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (citing *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999)). The Social Security Act provides that such review may be sought "after any final decision of the Commissioner of Social Security made after a hearing to which he was a party." *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000) (quoting 42 U.S.C. § 405(g)). While the Act does not define the term "final decision," the meaning can be gleaned from the regulations that govern the SSA. *See id*. (citing 42 U.S.C. § 405(a); *Weinberger v. Salfi*, 422 U.S. 749, 766 (1975)). "SSA regulations provide that, if the Appeals Council grants review of a claim, then the decision that the Council issues is the Commissioner's final decision." *Id*. However, if "the Appeals Council denies the request for review, the ALJ's opinion becomes the final decision." *Id*. (citing 20 C.F.R. §§ 404.900(a)(4)-(5), 404.955, 404.981, 422.210(a) (1999)); *see Perez v. Barnhart*, 415 F.3d 457, 460-61 (5th Cir. 2005). "If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases." *Sims*, 530 U.S. at 106-07 (citing 20 C.F.R. § 404.900(b); *Bowen v. City of New York*, 476 U.S. 467, 482-483 (1986)). "In administrative-law parlance, such a claimant may not obtain judicial review because he has failed

to exhaust administrative remedies." *Id.* (citing *Weinberger v. Salfi*, 422 U.S. 749, 765-66 (1975)).

Here, Plaintiff filed a petition for federal court review before there was a hearing on the matter, before there was a ruling by an ALJ, and before he requested a review by the Appeals Council. (Defendant's Motion at Ex. A, at 4 and Ex. 6). Since filing this action, his case has been heard, and the ALJ has denied his application for benefits. (Objections to ALJ at Ex. 4). Yet Mack apparently has not requested an Appeals Council review of the ALJ's decision. The regulations that govern the SSA clearly "require a claimant to request review by the Appeals Council before seeking judicial review in district court." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). As a consequence, the Commissioner has not yet rendered a final decision on Plaintiff's application for benefits, which, in turn, means that all administrative remedies have not been exhausted. *See id.*; *Sims*, 530 U.S. at 106-07. Absent exhaustion, a claimant generally may not obtain judicial review of the Commissioner's action. *See id.* For that reason, unless Mack can show that he is entitled to a waiver of the exhaustion requirement, his case must be dismissed. *See Martin K. Eby Constr. Co.*, 369 F.3d at 467 n.4.

Indeed, in his Complaint, Plaintiff concedes that he has not completed the required steps at the administrative level. (Complaint at 11). He argues, however, that the exhaustion requirement should be waived in this instance. (*Id.* at 11-12, 19-20). Mack complains that the SSA has unlawfully and inexcusably delayed the proceedings on his applications for benefits. (*Id.*). He claims further that his original benefits should have been reinstated at the conclusion of his prison term. (*Id.*). He asserts that, in light of the SSA's actions, requiring him to exhaust his administrative remedies would be futile. (*Id.*). It is true that a court may determine that a social security claimant

6

need not exhaust his administrative remedies if some or all of the following elements are present:

> (a) a constitutional claim presented on appeal is collateral to a substantive claim of entitlement to benefits, or the claim (b) demonstrates that erroneous denial of relief sought will cause irreparable harm, and (c) demonstrates that exhaustion of administrative remedies is futile.

*Chamberlain v. Barnhart*, 382 F. Supp. 2d 867, 872-73 (E.D. Tex. 2005) (citing *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (2005)).  A claim is not collateral so as to waive the exhaustion requirement if it is "'inextricably intertwined' with a substantive claim of administrative entitlement.'"  *Id*. at 873 (quoting *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (1999)).  Further, if "the agency's wrongful decision can be rectified with retroactive payments, the claim presents no danger of irreparable harm or futile pursuit of administrative remedies."  *Id*. (citing *Mathews* 424 U.S. at 330-32).  In this case, Plaintiff seeks waiver of the exhaustion requirement because he believes that the SSA has caused inordinate delays in his attempts to get disability benefits.  (Complaint at 11).  He also claims that the stress caused by the agency's actions has aggravated his conditions.  (*Id*. at 11-12).  As to his present health, Plaintiff makes the following assertion:

> [requiring] Plaintiff to exhaust his administrative remedies would result in irreparable harm and injury due to the stress and the ordeal of having to go through the inadequate appeal process[, which] will also trigger a medical set back.

(*Id*.).  He claims that these are further reasons that point to a waiver of the exhaustion requirement. (*Id*.).

However, none of the grounds for waiver is present.  Before this court,  Mack has not brought a claim that is truly collateral to his claim for benefits.  *See Chamberlain*, 382 F. Supp. 2d at 872-73 (citing *Affiliated Prof'l Home Health Care Agency*, 164 F.3d at 286).  Nor has he shown that he will suffer irreparable harm if ordered to exhaust his administrative remedies; clearly, if the

agency's decision was wrong, that wrong can be remedied by an award of retroactive payments. *See id.* at 873 (citing *Mathews* 424 U.S. at 330-32).  Under these circumstances, Plaintiff has not shown that requiring him to exhaust his administrative remedies would be futile.

In sum, because the SSA has not made a final decision on his application for benefits, this court is without jurisdiction to review his case.  Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies.  Only when the SSA makes its final decision will Plaintiff be authorized to seek judicial review.  As a result, Defendant's motion to dismiss should be granted, and Plaintiff's motion to strike should be denied.

**Conclusion**

Accordingly, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**, and that Plaintiff's Motion to Strike be **DENIED**.

It is also **RECOMMENDED** that this case be **DISMISSED**, without prejudice.

Based on these rulings, it is further **RECOMMENDED** that the following motions be **DENIED**, as **MOOT**:  Plaintiff's Motion for Evidentiary Hearing (Docket Entry #3); Plaintiff's Motion for Leave to File Motion for Evidentiary Hearing (Docket Entry #5); Plaintiff's Motion for Leave to Proceed with Motion to Review (Docket Entry #11); Plaintiff's Motion for Leave to Incorporate Bank Statements As Exhibits to Motion to Review (Docket Entry #12); Plaintiff's Motion to Compel a Ruling (Docket Entry #13); and Plaintiff's Second Motion to Compel a Ruling (Docket Entry #21).

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1) (effective Dec. 1, 2009).  Failure to file written objections within the time period

provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk, P.O. Box 61010, Houston, Texas 77208; copies of any such objections shall be delivered to the chambers of Judge Lee H. Rosenthal, Room 11535, and to the chambers of the undersigned, Room 7007.

**SIGNED** at Houston, Texas, this 14th day of May, 2010.

**MARY MILLOY**
**UNITED STATES MAGISTRATE JUDGE**